

Appeal Nos. *ARC*
1:15-cv-05201-BMC

------------------------------------

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------------------

Eric Hawkes Richmond,

               Appellant,

   -against-

      U.S. Bank

         Appellee

------------------------------------------------------------------------------------------------

On Appeal from the Bankruptcy Court
For the Eastern District Of New York
The Honorable Carla E. Craig, Bankruptcy Judge
Chapter 13 Case No. 14-41678 CEC

------------------------------------------------------------------------------------------------

## APPELLANT'S OPENING BRIEF

------------------------------------------------------------------------------------------------

Eric Richmond, pro se
227 4th Avenue
Brooklyn, NY 11215
(646) 256-9613
brooklynlyceum@gmail.com

Oral Arguments Requested
10 Minutes Oral Argument
5 Minutes Reply

## Table of Contents

STATEMENT REGARDING JURISDICTION                                    1

STATEMENT OF ISSUES PRESENTED & STANDARD OF REVIEW                  2

STATEMENT OF THE CASE AND STATEMENTS OF FACT                        3

ARGUMENT                                                           4

    RELIANCE ON REPEALED MAINE STATUTE IS A CLEAR ERROR          5

    IT IS NOT LOGICALLY POSSIBLE  THAT ASSIGNMENT OF

        MORTGAGE FOUR YEARS AFTER BANKRUPTCY

        LIQUIDATION IS VALID                                    5

    REASONABLE TIME TO REVIEW NOT PROVIDED TO APPELLANT          5

    AMBUSH NOTE DENIAL OF DUE PROCESS                            5

    DUE PROCESS VIOLATIONS RESULT IN VOID DECISIONS              5

    VOID JUDGEMENTS ARE NULLITIES                                8

    STANDING PROOF CANNOT BE INVALID OR UNORIGINAL               8

    APPELLANT HAS RIGHT TO CHALLENGE EVIDENCE AGAINST IT         8

CONCLUSION                                                         9

i

# Table of Authorities

| **Statutes and Rules** | **PAGE** |
|---|---|
| 28 U.S.C. §158 | 1 |
| Fed. R Bankr. P. 8013 | 1,2 |
| | |
| UNITED STATE CONSTITUTION - 5TH AMENDMENT | 5,6,7 |
| UNITED STATE CONSTITUTION - 14TH AMENDMENT | 7 |
| Fed. Rules Civ. Proc., Rule 60(b)(4) | 6 |
| Maine Revised Statutes Title 11 Article 3 Part 3 : RIGHTS OF A HOLDER | 4 |

## Cases

| | |
|---|---|
| Momentum Mfg. Corp. v. Emp. Creditors Comm. | |
| (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994) | 2 |
| Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986). | 5 |
| Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278. | 5 |
| Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878). | 5,8 |
| World-Wide Volkwagen Corp. v. Woodson, 444 U.S. 286 (1980) | 5,8 |
| Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 8 | |
| S.W.2d 1087, 1092.Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901. | 6 |
| Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985) | 6 |
| Federal Trade Commission v. Raladam Co., | |
| 283 U.S. 643, 75 L.Ed. 1324, 51 S.Ct.587. | 6 |
| Mullane v. Central Hanover Bank & Trust Co., | |
| 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) | 6 |

ii

Bass v. Hoagland, 172 F.2d 205 (5th Cir.),

cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).         6

United States Court of Appeals,Fifth Circuit. NEW YORK

LIFE INSURANCE COMPANY v. Alvin J. BROWN – 1996         6

Johnson v. Zerbst, 304 U.S. 458 S Ct.1019         6

Pure Oil Co. v. City of Northlake,

    10 Ill. 2D 241, 245, 140 N.E. 2D 289 (1956)         6

Hallberg v. Goldblatt Bros., 363 Ill. 25 (1936)         6

Neylan v. Vorwald,

    121 Wis.2d 481, 488, 360 N.W.2d 537, 540 (Ct. App. 1984)         6

Eberhardt v. Integrated Design and Constr., Inc.,

    167 F.3d 861, 871 (4th Cir.1999)         7

Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992),         7

Ex Parte Fisk, 113 US 713 (1885)         7

Ex Parte Rowland, 104 U.S. 604 (1881)         7

Ex parte Lange, 85 U.S. (18 Wallace) 163 163 (1873)         7

Ex parte Virginia, 100 U. S. 339 (1879)         7

Ex parte Siebold, 100 U. S. 371 (1879)         7

Ex parte Parks, 93 U. S. 18 (1876)         7

Ex Parte Wells, 59 U.S. (18 Howard) 307 (1855)         7

Ex Parte Kearney, 20 U.S. (7 Wheaton) 38 (1822)         7

Ex Parte Bollman and Ex Parte Swartwout, 8 U.S. (4 Cranch) 75 (1807)         7

Ex Parte McCardle, 74 U.S. (7 Wallace) 506 (1868),

    Chief Justice Salmon P. Chase         7

Hays v. Louisiana Dock Co., 452 n.e.2D 1383 (Ill. App. 5 Dist. 1983).          7

Matter of Marriage of Hampshire, 869 P.2d 58 ( Kan. 1997),                      7

In re Estate of Wells, 983 P.2d 279, (Kan. App. 1999).                          7

Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)                     8

Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001).                     8

Lubben v. Selective Service System Local Bd. No. 27,

     453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972).                 8

Hobbs v. U.S. Office of Personnel Management,

     485 F.Supp. 456 (M.D. Fla. 1980).                                      8

**Authorities**

Black's Law Dictionary, Sixth Edition, page 1574: Void judgment.               5

11 Wright and Miller, Federal Practice and Procedure:

Civil § 2862 at 198-200 (1973)                                                 7

## STATEMENT REGARDING JURISDICTION

The jurisdictional basis for this appeal of a final bankruptcy court decision / order of the Honorable Carl E. Craig issued on August 7, 2015 is contained in *28 U.S.C. §158(a)*. Under section *158(a)*, this Federal district court has jurisdiction over appeals of final orders of the bankruptcy court. Under *Rule 8013 of the Federal Rules of Bankruptcy Procedure*, this Court may review, modify, affirm in whole or in part, or vacate in whole or in part the Bankruptcy Court's legal conclusions and may set aside factual findings if they are clearly erroneous and not supported by the record.

## STATEMENT OF ISSUES PRESENTED & STANDARD OF REVIEW

Appellant presents the following issues:

1.  Whether the Bankruptcy Court erred in relying on a repealed Maine Statute.
2.  Whether the Bankruptcy Court erred in not finding all assignments of mortgages four years after bankruptcy liquidation invalid, if not illegal.
3.  Whether the Bankruptcy court erred in not allowing reasonable forensic review of the only document that could prove standing, the "ambush note."
4.  Whether the Bankruptcy Court erred in allowing anything not listed as proof of claim as proof of claim.
5.  Whether the Lower court erred in finding appellant had no right to challenge validity of a trust document.

The Bankruptcy Court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." (*Fed. R Bankr. P. 8013*); see also *Momentum Mfg. Corp. v. Emp. Creditors Comm.* (*In re Momentum Mfg. Corp.*), 25 F.3d 1132, 1136 (2d Cir. 1994). The Bankruptcy Court's legal conclusions, however, are subject to being reviewed de novo. Id. at 1136.

## STATEMENT OF THE CASE AND STATEMENTS OF FACT

Bankruptcy court ignored allegations of clear errors and manifest injustices by not addressing using a repealed Maine statute, not addressing the logical impossibility for an entity to assign a mortgage it no longer owns, not addressing the court's failure to allow Appellant a reasonable, non-ambush, opportunity to review documents submitted as proof without notice, not addressing the need for the document used as proof of claim to be specified as basis of claim and not addressing Appellants right to challenge evidence against it.

Motion to Object to claim filed on November 13, 2014.

Appellee filed no objection to motion.

Court granted, at hearing not listed by the court in decision , Appellee time to oppose motion despite not having responded to motion.

On January 16, 2015 Appellee file opposition to motion.

On Jan 23, 2015 Appellant filed Affirmation in support of motion.

On March 17, 2015 the lower court held a hearing.

On April 3, 2015 Appellant filed Affirmation in support of motion.

On May 16, 2015 Appellant file affirmation in support.

Objection to claim denied on July 21, 2015

Motion to Reconsider filed on August 4, 2015.

Motion to reconsider denied on August 7, 2015.

Notice of Appeal filed on August 21, 2015.

3

## ARGUMENT

This Appeal seeks to reverse the improper findings of fact and conclusions of law of the Order dated August 7, 2015  Denying Reconsideration of Denial of Objection to Claim.  The Lower court failed to address the clear error of the Lower Court relying on a repealed Maine statute.  The Lower court failed to address the clear error of the impossibility of an assignment of a mortgage four (4) years after the Bankruptcy liquidation of assignor.   The Lower Court failed to address that the failure of the Lower court to allow reasonable time to review a challenged, un-sworn to as original and not listed as basis for claim "ambush note" was a violation of due process.  Absent due process the decision is void, *ab initio*, a nullity.  The Lower court failed to preclude documents not listed as basis of claim as proof of claim.  The Lower court  failed to allow Appellant its right to challenge any document used against it.

### RELIANCE ON REPEALED MAINE STATUTE IS A CLEAR ERROR

The Lower court cited a repealed statute:
Title 11: UNIFORM COMMERCIAL CODE: Article 3: COMMERCIAL PAPER :
Part 3: RIGHTS OF A HOLDER: §3-306. Rights of one not holder in due course (REPEALED)
Clearly, a repealed statute cannot be the justification for a ruling.

### IT IS NOT LOGICALLY POSSIBLE THAT ASSIGNMENT OF MORTGAGE FOUR YEARS AFTER BANKRUPTCY LIQUIDATION IS VALID

As the Lower court noted all assets were transferred out of New Century to the liquidating trust four years prior to the assignment of mortgage presented creating an empty shell  corporation with no assets.  No logical interpretation of

4

the liquidation of New Century allows for writing bad checks (assignment of mortgage) on a closed account (New Century).

## REASONABLE TIME TO REVIEW NOT PRESENTED TO APPELLANT

The note presented to the court without notice was not available for any substantive review as to whether it was an original as it was whisked away immediately after the hearing in which it was presented. Seeing as only the holder of a "wet ink" note can seek to collect, a challenge to its authenticity compelled the court to allow forensic review.

In addition, nowhere in the record does the trust U.S. Bank, Select Portfolio Servicing, or Jordan Katz swear that the note is an original.

## AMBUSH NOTE IS DENIAL OF DUE PROCESS

Absent notice that note was to be presented at hearing and absent the reasonable opportunity to review the document, due process was violated.

## DUE PROCESS VIOLATIONS RESULT IN VOID DECISIONS

--Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process, *U.S.C.A. Const. Amend. 5 - Triad Energy Corp. v. McNell 110 F.R.D. 382 (S.D.N.Y. 1986).*

--Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside, *Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278.*

--"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff*, 95 U.S. 714, 732-733 (1878)." [*World-Wide Volkwagen Corp. v. Woodson*, <u>444 U.S. 286</u> (1980)]

--Black's Law Dictionary, Sixth Edition, page 1574: Void judgment. One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are

5

affected at any time and at any place directly or collaterally. *Reynolds v. Volunteer State Life Ins. Co., Tex.Civ.App., 80 S.W.2d 1087, 1092*.

--One which from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree.  Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process.  *Klugh v. U.S., D.C.S.C., 610 F.Supp. 892, 901*.

--Because a judge ignores the law, she lost jurisdiction; her acts became ultra vires or outside the powers of her jurisdiction: " Jurisdiction, although once obtained, may be lost, and in such case proceedings cannot be validly continued beyond the point at which jurisdiction ceases " *Federal Trade Commission v. Raladam Co., 283 U.S. 643, 75 L.Ed. 1324, 51 S.Ct.587*.

--Under our system of justice, the opportunity to be heard is the most fundamental requirement. *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)*

--("The fundamental requisite of due process of law is the opportunity to be heard."). Without notice of an impending grant of summary judgment, a defendant has no opportunity to be heard.    Therefore, Alvin was denied due process of law and the judgment against him is void.  *Bass v. Hoagland, 172 F.2d 205 (5th Cir.), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949)*.

--Because the judgment against him is void, the district court erred in refusing the vacate the judgment under Rule 60(b)(4). - *United States Court of Appeals,Fifth Circuit. NEW YORK LIFE INSURANCE COMPANY v. Alvin J. BROWN – 1996*

--Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 - *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985)

--Where Due Process is denied, the case is void, *Johnson v. Zerbst*, 304 U.S. 458 S Ct.1019;*Pure Oil Co. v. City of Northlake,* 10 Ill. 2D 241, 245, 140 N.E. 2D 289 (1956) *Hallberg v. Goldblatt Bro*s., 363 Ill. 25 (1936)

--Orders or "[j]udgments entered contrary to due process are void." *Neylan v. Vorwald, 121 Wis.2d 481, 488, 360 N.W.2d 537, 540 (Ct. App. 1984) (citations omitted). A void*

judgment or order is something very different from a valid one. *Id. at 496, 360 N.W.2d at 544.* "[I]t is legally ineffective[,] may be collaterally attacked at any time in any proceeding, state or federal [and] it should be treated as legally ineffective in the subsequent proceeding. Even the party which obtained the void judgment may collaterally attack it." Id. A void judgment cannot be validated by consent, ratification, waiver or estoppel. *Id. at 495, 360 N.W.2d at 544.*

--Generally, "a judgment is not void merely because it is erroneous . . . [i]t is void only if the court that entered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with the due process of law." *Eberhardt v. Integrated Design and Constr., Inc., 167 F.3d 861,* 871 (4th Cir.1999) citing *Schwartz v. United States, 976 F.2d 213,* 217 (4th Cir. 1992), 11 Wright and Miller, Federal Practice and Procedure: Civil § 2862 at 198-200 (1973)

--Acts that are void from the inception are jurisdictionless legal nullities which may be respectfully disobeyed and/or attacked collaterally. "A citizen is under no obligation to obey a jurisdictionless legal-nullity court order." S*ee Ex Parte Fisk, 113 US 713 (1885), Ex Parte Rowland, 104 U.S. 604 (1881), Ex parte Lange, 85 U.S. (18 Wallace) 163 163 (1873), Ex parte Virginia, 100 U. S. 339 (1879), Ex parte Siebold, 100 U. S. 371 (1879), Ex parte Parks, 93 U. S. 18 (1876), Ex Parte Wells, 59 U.S. (18 Howard) 307 (1855), Ex Parte Kearney, 20 U.S. (7 Wheaton) 38 (1822), Ex Parte Bollman and Ex Parte Swartwout, 8 U.S. (4 Cranch) 75 (1807).*

--"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. And this is not less clear upon authority than upon principle." - *Ex Parte McCardle, 74 U.S. (7 Wallace) 506 (1868), Chief Justice Salmon* P. Chase

--Void judgment under federal law is one in which rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment, U.S.C.A. Const. Amed. 5, *Hays v. Louisiana Dock Co.,* 452 n.e.2D 1383 (Ill. App. 5 Dist. 1983).
--Void judgment is one rendered by court which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14 *Matter of Marriage of Hampshire,* 869 P.2d 58 ( Kan. 1997), *In re Estate of Wells, 983 P.2d 279, (Kan. App. 1999).*

7

## VOID JUDGMENTS ARE NULLITIES

--without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. *[Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)]*

--"A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. *Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878).*" *[World-Wide Volkwagen Corp. v. Woodson,* 444 U.S. 286 (1980)]

--"A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." *Ex parte Seidel,* 39 S.W.3d 221, 225 (Tex. Crim. App. 2001).

--A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Lubben v. Selective Service System Local Bd.* No. 27, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972).

--A void judgment is one which from the beginning was complete nullity and without any legal effect*, Hobbs v. U.S. Office of Personnel Management, 485 F.Supp. 456 (M.D. Fla. 1980).*

## STANDING PROOF CANNOT BE INVALID OR UNORIGINAL

As sole document listed as basis of claim in proof of claim is invalid and proof of claim cannot be substantiated by unoriginal note not listed as basis of claim, the claim must be denied.

## APPELLANT HAS RIGHT TO CHALLENGE EVIDENCE AGAINST IT

It is yet another violation of due process to not allow Appellant to face its accuser, the "ambush note." Appellee can use a valid, "wet ink" note, but copies of originals are not sufficient to show possession of a note as anyone could appear years later with the "wet ink" note subjecting Appellant to the unfair result

of paying a debt twice solely because the Lower court would not allow review and confirmation of the evidence sprung on Appellant without notice.

## CONCLUSION

The Lower court clearly erred in not addressing the reliance on a repealed statute. The Lower court clearly erred in not addressing the sheer impossibility that a mortgage could be assigned from a defunct, assetless entity 4 years after it became a defunct, assetless entity. The Lower court clearly erred in not addressing the disallowance of forensic review of the "ambush note." That failure to allow review of the "ambush note" was a clear violation of due process. Decisions based on a due process violation are void, ab initio. Void judgments are nullities. The Lower court clearly erred in allowing something not listed as the basis for the claim in as evidence as proof of claim. The Lower court clearly erred in not addressing the denial of Appellants right to contest evidence against it.

**WHEREFORE**, Eric Richmond, the Appellant herein, respectfully requests this Court overturn the allowance of the assignment of mortgage, the allowance of the note, the denial of reconsideration of the denial of the objection to the claim and remand the case back to the lower court so that a forensic review of the note can occur.

Dated: October 9, 2015

Eric Richmond, Appellant, Pro Se
227 4th Avenue - Brooklyn, NY  11215
(646) 256-9613 - brooklynlyceum@gmail.com

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ERIC RICHMOND,
            Appellant,
U.S. Bank,                              No. 15-cv-05201-BMC
      Appellee.
-------------------------------------------------------x
                    CERTIFICATE OF SERVICE

ERIC RICHMOND does hereby affirm under the penalties of perjury:

I am  a party to this action. I am over the age of 21 years. I
reside at 227 4th Avenue, Brooklyn, NY  11214.
On October 9, 2015, I served a true copy of the appellant's
opening brief to:

| Michael J. Macco<br>135 Pinelawn Road,<br>Suite 120 South<br>Melville, NY 11747 | Jordan S. Katz<br>Attorneys for Select<br>Portfolio Servicing<br>395 N. Service Road<br>Melville, NY  11747 |
| --- | --- |

in a postpaid properly addressed wrapper by first class mail in
the post office or official depository at Brooklyn, New York
State under the exclusive care and custody of the United States
Postal Service
Dated:  Brooklyn, NY          _____
        October 9, 2015       Eric Richmond, Appellant
                              227 4th Avenue
                              Brooklyn, NY  11215
                              646 256 9613

                              brooklynlyceum@gmail.com